T.C. Memo. 2003-319

UNITED STATES TAX COURT

EDWIN E. AND BERTALINA ALVAREZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13286-02L.             Filed November 18, 2003.

Edwin E. Alvarez and Bertalina Alvarez, pro sese.

<u>Irene Scott Carroll</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  The petition in this case was filed under
section 6330(d)[1] in response to a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330
(the notice of determination).  The issue for decision is whether

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code currently in effect.

the filing of a notice of federal tax lien (NFTL) was appropriate.

                        FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Bell Gardens, California, at the time their petition was filed.

On August 18, 1999, respondent issued a notice of deficiency to petitioners determining a deficiency in Federal income tax and an accuracy-related penalty for the taxable year 1996. Petitioners filed a petition with this Court in response to the notice of deficiency. However, petitioners' case was ultimately dismissed by the Court for lack of jurisdiction on the ground that the petition was not timely filed. Petitioners' 1998 return was also audited, but they consented to the assessment of a tax deficiency for that year.

On December 12, 2001, respondent sent to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for their taxable years 1996 and 1998. On January 18, 2002, petitioners requested a section 6330 hearing, stating that they objected to the filed NFTL because "they never received an audit notice[,] * * * did not receive a notice of deficiency and would like an opportunity to dispute the tax liability."

On July 15, 2002, the Appeals Office issued the notice of determination. The notice states that a hearing was held but that the only challenge was to the existence or amount of the tax liability for 1996. The Appeals officer ultimately determined that the filing of the NFTL was appropriate.

OPINION

Under sections 6320 and 6330, a taxpayer is entitled to notice and an opportunity for a hearing after an NFTL is filed by the Commissioner in the process of collecting unpaid Federal taxes. Section 6330(c)(2) designates the issues that the taxpayer may raise at the Appeals hearing. In lien actions, the taxpayer is allowed to raise any relevant issue relating to the unpaid tax, including spousal defenses, challenges to the appropriateness of the NFTL filing, and alternatives to collection. Sec. 6330(c)(2)(A); sec. 301.6320-1(e)(1), Proced. & Admin. Regs. The taxpayer "may also raise at the hearing challenges to the existence or amount of the underlying tax liability" if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); sec. 301.6320-1(e)(1), Proced. & Admin. Regs.

Where the existence or amount of the underlying tax liability is properly at issue in the hearing, we review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000);

Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the existence or amount of underlying tax liability is not properly at issue, we review the determination for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.

With respect to tax year 1996, petitioners received a notice of deficiency as reflected by the fact that they attached the first page of that notice to their prior petition to this Court. Accordingly, petitioners are not entitled to challenge their underlying tax liability for 1996.  Petitioners consented to the assessment of their 1998 tax and are not challenging their underlying liability for that year.  Therefore, we review the Appeals officer's determination for abuse of discretion.

The notice of determination states that the only challenge at the hearing was to the existence or amount of the 1996 tax liability.  At trial, petitioners did not dispute this statement, and no collection alternatives, challenges to the appropriateness of the NFTL filing, or spousal defenses were raised at the hearing or at the trial.  Accordingly, we hold that the Appeals officer's determination that the filing of the NFTL was appropriate was not an abuse of discretion.

Decision will be entered for respondent.